# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:09cr80 |
| | § | (Judge Schell) |
| JEROHMY DEWAYNE BLACKWELL | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 28, 2009, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Charles Roy.

On March 21, 2003, Defendant was sentenced by the Honorable Sidney A. Fitzwater for the offense of Transporting and Attempting to Transport Child Pornography in Interstate Commerce. Defendant was sentenced to forty-six (46) months' imprisonment followed by a term of supervised release of three years. On August 23, 2006, Defendant completed his period of imprisonment and began his supervised release term. On December 5, 2006, the Court modified the defendant's conditions of supervised release to include that he not have any unsupervised contact with children under the age of eighteen unless approved by the probation officer. On March 20, 2009, the Court modified the defendant's conditions of supervised release to include alcohol abstinence, and 180 days' home confinement with electronic monitoring. On May 13, 2009, jurisdiction was transferred to the Eastern District of Texas.

On August 13, 2009, the U.S. Pretrial Services Officer executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following special

conditions: (1) Defendant shall participate in sex offender treatment services as directed by the U.S. Probation Officer until successfully discharged. These services may include psycho-physiological testing to monitor the Defendant's compliance, treatment progress, and risk to the community. The Defendant is further ordered to contribute to the costs of services rendered (co-payment) at a rate of at least $10 per month; (2) Defendant shall not possess, nor have under his control, any pornographic, sexually oriented or sexually stimulating materials, including visual, auditory, telephonic, or electronic media, computer programs or services. The Defendant shall not patronize any place where such material or entertainment is available. The Defendant shall not utilize any sex-related telephone numbers; (3) Defendant shall not have any unsupervised contact of any kind with children under the age of eighteen, unless supervised by an adult approved by the probation officer.

The Government offered the testimony of U.S. Probation Officer Bill Gallimore. Officer Gallimore testified that F. Liles Arnold from Summit Counseling Center submitted a letter on August 6, 2009, wherein he advised the Defendant has failed to successfully complete sex offender treatment. Mr. Arnold reported to Officer Gallimore that defendant showed deception and was untruthful on his sex history polygraphs taken on June 19, 2007, August 25, 2007, November 24, 2008, and July 29, 2009. The results were inconclusive for sex history polygraphs taken on November 6, 2007, and September 30, 2008. Officer Gallimore testified that it appeared that counter measures were suspected in an effort to manipulate the outcome of the inconclusive examinations. The test results were admitted into evidence as Government Exhibits 3-7.

A letter from Mr. Arnold dated August 6, 2009, was admitted as Government Exhibit 1. Mr. Arnold's letter concluded:

> Based on the information that has been cited in this letter it is my opinion that Mr. Blackwell represents a significant risk to community safety at this time. He has not complied with the

conditions of his supervision. In sum, he is not doing the work necessary to reduce his potential to re-offend. He has not successfully integrated the concepts that we focus on in treatment that would reduce his potential to re-offend. His risk to community safety should be assessed accordingly.

Officer Gallimore stated that defendant acknowledged that he purchased a Cherry and Hustler magazine while at a Hastings Book Store in September 2006, that his cousin gave him a Playboy magazine in September 2006, which he viewed, but then gave the magazine to his brother; that he rented a movie entitled "Girls Gone Wild" and watched the video in November 2006; that he watched one of his brother's pornographic movies in February 2007, and; that he briefly watched another pornographic video in February or March 2008. Officer Gallimore also testified that defendant acknowledged that he had unsupervised contact with a sixteen-year-old female co-worker on September 30, 2008, when he was asked to give the female a ride home. Defendant admitted to making a sexually explicit comment to the female.

After the Government put on its case, Defendant offered the testimony of his mother. His mother testified that Defendant lives with her and does not have contact with her grandchildren.

The Court finds the guideline range in this case is three to nine months. The probation officer recommended six (6) months of imprisonment followed by a term of supervised release of thirty (30) months.

## RECOMMENDATION

The Court finds that Defendant has violated his conditions of his supervised release. Based upon these violations, the Court recommends that Defendant's supervised release should be revoked. The Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months with twenty-four (24) months of supervised release to follow.

The Court further recommends the following conditions:

Within 72 hours of release from the custody of the Bureau of Prisons, the Defendant shall report in person to the probation office in the district to which the Defendant is released.

While on supervised release, the Defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

The Defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 .U.S.C. § 16901, et. seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.

Under the guidance and direction of the U.S. Probation Office, the Defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments.

The Defendant shall not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer.

The Defendant shall not access or loiter near school grounds, parks, arcades, playgrounds, amusement parks, or other place where children under the age of 18 may frequently congregate unless approved in advance by the probation officer.

The Defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervised release, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A), and is not limited to the sexual exploitation of children.

The Defendant shall not possess or access a computer, except in the course of his/her employment. Such computer shall have no modem or other device which would allow access to the Internet. The Defendant shall allow the probation officer to have access to any computer to which he or she has access for the purpose of monitoring this condition, and shall fully cooperate with the probation officer with regard to enforcement of this condition. The Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring their compliance with the imposed computer access/monitoring conditions.

The Defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; laptop computers (other than a computer approved by the probation office which may be subject to monitoring); iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection.

The Defendant shall also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.

The Defendant shall not seek nor maintain employment at any location where persons under the age of 18 would congregate, without prior permission of the probation officer.

The Defendant shall refrain from the consumption of alcohol and all other intoxicants during the term of supervision.

**SIGNED this 1st day of October, 2009.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE